The opinion of the Court was delivered by
Wardlaw, Ch.
[Who, after stating the facts, and the proceedings that had been had in the cause, proceeded as follows :J It is manifest from this statement, that as the plaintiff has elected to execute Chancellor Johnston’s decree, by issuing her writ in conformity thereto, and actually accepting a commutation *260 for her dower as to the lot in Smith-street, she has little cause of complaint as to Chancellor Dunkin’s decretal order. Still she may technically insist upon her grounds of appeal from this order, so far as the lot in Franklin-street is involved. ‘
The question of procedure is important. The express enactments of the Act of 1786 provide merely a mode of obtaining dower, or its equivalent, in the Court of Common Pleas, and have no direct operation on the pre-existing and independent jurisdiction and remedies of this Court on the subject. It was the practice of this Court, before the Act of 1786, to compensate widows for dower by commutation in money. 1 Des. 110,115. The value of the dower in money was then ordinarily ascertained by the Master, on reference to him for the purpose : but since the Act of 1786, the Court has usually employed the instrumentality of commissioners provided by the Act, to ascertain this value. Stock vs. Parker, 2 McC. Ch. 382. There is no reasonable objection to this adoption of new machinery, to complete an old remedy. On the contrary, there'is special propriety in making the procedure uniform in both Courts. The commissioners are not authorized by the Act to assess a sum of money in lieu of dower, until they have determined that the lands can not be fairly divided without manifest disadvantage. It is clear, that this Court, from the earliest epoch after its organization of which we have any report, pursued a procedure in execution of the principles of equity, different, in some respects, from that of like Courts in the country from which we derive most of our institutions: notwithstanding the Act of 1721 required this Court to conform generally to the usages and practices of the Court of Chancery in South Britain. In no other instance, perhaps, has our departure from the English practice been so great, as in this particular of commuting the share of a dowress, or of one entitled to partition, by sale of the premises or assessment, into its monied value, instead of making specific assignment. Our practice, however, is too inveterate and advantageous to be now disturbed.
The Act of 1791 authorizes the Court to sell the premises for *261 partition, only in cases of intestacy, yet this Court is in the constant practice, departing from the procedure of the Court of Chancery in England, of effecting partition by sale in cases of testacy. Pell vs. Ball, 1 Rich. Eq. 387. No Act of the Assembly prescribes the term for advertisement of the sales of estates made by this Court, yet we habitually conform to the requisitions of the Sheriff’s Act of 1839. It is ordered and decreed, that the appeal from Chancellor Dunkin’s decretal order be dismissed.
It remains to consider the appeal from Chancellor Dargan’s order, refusing to confirm the return of the commissioners, and directing a reference to the Master to take testimony as to the inequality and injustice of the specific assignment of plaintiff’s dower in the lot in Franldin-street, and to report upon the facts. We suppose that in this Court, since we have substituted commissioners for the Master as our agent to ascertain the value of dower in the premises, the return of the commissioners is under our supervision to the same extent as would be the report of the Master in such case. In Payne vs. Payne, Dud. Eq. 127, the Court says : “ The return of the commissioners must necessarily be under the control of the Court. There would be great defect of justice, if the Court had not the power of correcting their errors, irregularities or partialities.” Even in the Law Court, notwithstanding the Act of 1786 declares that the return shall be binding and conclusive upon the parties interested, it is decided, in Beaty vs. Hearst, 1 McM. 33, that “ there is no doubt that a Circuit Jüdge may withhold confirmation of such a return, either in dower, partition, or in any other proceeding, and allow further time, on such showing as satisfies him that there has been error or mistake, or any departure from established legal rules.” It is not necessary that there should be any corruption or misfeasance on the part of the commissioners: it is enough, to set aside their return, that they have mistaken the extent and value of the interests or shares of the parties concerned. Their return is intended to satisfy the conscience and judicial discretion of the Chancel *262 lor, and any circumstance exhibiting error on their part may justify him-in refraining todo that which seems to'him to be inequitable. In the present case, we have not before us the particular affidavits upon which the Chancellor acted ; but we have no reason to doubt that his judicial discretion in the matter was judiciously exercised. It was an act of indulgence to the plaintiff, to refer it to the Master, to take evidence on the point of the return on both sides: whereas, the Chancellor might have proceeded to act definitively upon the ex parte testimony.
The form of the order in this case, probably prepared by counsel, is liable to some just exception. The'Act'of 1824 has no application to the case, as the land was not alienated by the husband of demandant during coverture. So, too, there is impropriety in the seeming delegation by the Chancellor to the Master, to judge of the legality and equity of the conduct of the commissioners, in assigning the plaintiff’s dower.
It is ordered, that the order of reference to Master Tupper, as to the assignment of dower to the plaintiff in the lot in Franklin-street,, be so modified as merely to require him to take evidence and report upon the facts as to such assignment. In all other respects the decrees are affirmed, and the appeals dismissed.
DtjnkiN and Dakgan, CC., concprred.
Johnston, Ch., absent at the hearing.

Appeals dismissed.